IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2017 MAR 30 PM 4: 45
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| CESAR ELIZONDO MORENO | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. EP-16-CV-47-MAT |
| | § | |
| NANCY A. BERRYHILL,[1] | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Cesar Elizondo Moreno ("Moreno") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment. *See* 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **REVERSED** and the action **REMANDED** for further administrative proceedings.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this case.

## I. PROCEDURAL HISTORY

Moreno worked as a warehouseman forklift operator at Rio Bravo Internacional for twenty-eight years. (R. 34).[2] He was sixty-five years old at the time of his hearing before the Administrative Law Judge ("ALJ"). *Id.* Moreno filed an application for DIB on September 18, 2012, in which he alleged disability beginning September 14, 2012, due to prostate cancer, arthritis, and memory loss. (R. 132-38, 161). After his application was denied initially and upon reconsideration, Moreno requested a hearing. (R. 81-91). On August 18, 2014, he appeared with his attorney for a hearing before the ALJ. (R. 30-49). On August 29, 2014, the ALJ issued a written decision denying benefits on the ground that Moreno was capable of performing past relevant work. (R. 15-25). On December 15, 2015, the Appeals Council denied Moreno's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-7). Moreno argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence.

## II. DISCUSSION

A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant

---

[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and his findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

RFC is defined as the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545. The responsibility to determine the claimant's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite any physical and mental limitations. 20 C.F.R. § 404.1545. The ALJ must consider the limiting effects of Plaintiff's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1545, 404.1529. However, a claimant's own subjective complaints, without supporting objective medical evidence, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529. The ALJ is not required to

incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton*, 209 F.3d at 455. "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence.'" *Id.* (citation omitted). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Id.* (quoting *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994)). "The [opinion of a treating physician] may be assigned little or no weight when good cause is shown. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 455-56 (citation omitted).

In reviewing the ALJ's opinion, the Court cannot accept post-hoc justifications offered by the Commissioner because "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Gallegos v. Colvin*, No. EP-13-CV-349-ATB, 2016 WL 705227, at *4 (W.D. Tex. Feb. 18, 2016) (citation omitted). When an opinion is unfavorable to a claimant, Social Security regulations provide that:

> the notice of the determination or decision must contain *specific reasons for the weight given to the treating source's medical opinion*, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

4

SSR 96-2p, 1996 WL 374188, at *5 (emphasis added). Accordingly, courts have remanded Social Security cases in which benefits were denied and the ALJ failed to clearly articulate what weight was given to a treating physician's opinion. *See Corpus v. Colvin*, No. EP-14-CV-87-ATB, 2016 WL 1179221 (W.D. Tex. Mar. 24, 2016); *Gallegos*, 2016 WL 705227; *Staley v. Astrue*, No. 4:12-CV-00184, 2013 WL 2950057 (E.D. Tex. June 13, 2013).

The ALJ found that Moreno's knee impairments and osteoarthritis were severe, but nonetheless determined that Moreno had the RFC to perform less than the full range of medium work.[3] (R. 17, 20). In regard to Moreno's knee impairments, the ALJ wrote:

> The claimant sought orthopedic treatment for bilateral knee pain on January 17, 2012. He was examined by Michael Fallon, M.D., who noted that the claimant had "mild" deformity of the knees. Dr. Fallon reviewed x-rays which revealed significant osteoarthritis of both knees. He gave the claimant a steroid injection. On February 28, 2012, Dr. Fallon diagnosed the claimant with bilateral knee medial meniscus tears and chondromalacia confirmed by an MRI study completed a few days before.[4] The plan was for the claimant to undergo preoperative testing and upon review of the tests, schedule him for surgical repair. As of March 2, 2012, treatment notes show that surgery had not yet been scheduled. At the hearing, the claimant confirmed he still has not had this surgery due to his large hospital bill for his cancer treatment. I must note that this treatment record is the

---

[3] Specifically, the ALJ determined that: (1) he can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; (2) he can stand and/or walk for six hours out of an eight-hour workday with regular breaks; (3) he can sit for six hours out of an eight-hour workday with regular breaks; (4) he can push and/or pull fifty pounds occasionally and twenty-five pounds frequently; (5) he may occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; (6) he can occasionally stoop, kneel, and crouch, but never crawl; (7) he is fully capable of learning, remembering, and performing simple, routine, and repetitive work tasks involving simple work instructions, which are performed in a routine work environment with few work place changes; (8) he can interact appropriately with supervisors, coworkers, and the public; and (9) he can maintain concentration, persistence and pace for two to three hours at a time with normal breaks. (R. 20-21).

[4] An MRI taken on February 21, 2012, indicated that Moreno suffered from:
1. Complex medial meniscus tear with extrusion at the medial meniscus body, grade-3 chondrosis in the medial compartment and early medial joint line osteoarthritis.
2. Grade-4 patellofemoral chondrosis with full-thickness cartilage loss at the lateral patellar facet and subchondral cyst formation.
3. Mild insertional quadriceps tendinosis.
4. Small-to-moderate-sized left knee effusion. (R. 324).

> most recent orthopedic treatment note available for my review. It appears that the claimant's knee problems were not as bothersome as he alleges since there has been no follow-up orthopedic treatment. (R. 22).

Also considered were the opinions of the State agency medical consultants, Betty Santiago, M.D., and Scott Spoor, M.D., who both found that that Moreno had the RFC to perform medium exertional level work. (R. 24). The ALJ concluded that:

> As discussed above, the record contains records from his treating physicians; however, I find no evidence to suggest that any of the claimant's treating physicians were of the opinion that the claimant was not able to perform work as defined in the residual functional capacity determined in this decision. Further, the state agency physicians also concluded that the claimant would perform medium, unskilled work, as discussed below. (R. 23).

The ALJ failed to explain the weight given to Dr. Fallon's opinions about the condition of Moreno's knees. This omission is of particular significance because Dr. Fallon is an orthopedic surgeon, and thus a specialist in knee impairments. As a treating physician and specialist whose opinions were supported by an MRI, the ALJ should have given Dr. Fallon's opinions controlling weight absent inconsistent substantial evidence or good cause. Because the ALJ failed to discuss the weight given to Dr. Fallon's opinions, the Court is unable to determine whether the ALJ followed the appropriate legal standards. Thus, remand is required to allow the ALJ to amend his decision.

Moreover, the Court finds the ALJ's assertion that the opinions of the treating physicians revealed no evidence that Moreno was not able to perform work as defined in his RFC determination to be of limited value. A review of Dr. Fallon's records reveals that he did not opine on what limitations Moreno's knee impairments would impose. Upon remand, the ALJ is free to request such information from Dr. Fallon and/or order consultative examinations if he

believes such information is necessary to fully develop the record. *See Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) ("A consultative examination may be necessary to develop a full and fair record. However, the decision to require such an examination is within the discretion of the ALJ.") (citations omitted).

The Court further finds that the ALJ erred in considering Moreno's failure to undergo the knee surgery as evidence of nondisability. The Fifth Circuit has explained that when a claimant cannot afford a prescribed treatment or medicine, and can find no way to obtain it, a condition that is disabling in fact continues to be disabling in law. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). During the hearing, the ALJ asked Moreno why he had yet to undergo the knee surgery, and Moreno testified that he was unable to afford the knee surgery because of debt related to his cancer treatment. (R. 41). Instead of further inquiring about Moreno's claim or requesting that Moreno provide evidence of his inability to pay, the ALJ replied "Sure" and moved on to the next subject. Moreno's claim that he was unable to pay is entirely plausible and was supported by medical records showing he was treated for cancer, which neither party disputes. It was improper for the ALJ to seemingly accept Moreno's claim at face value during the hearing, as evidenced by the lack of inquiry or request for proof, only to ultimately cite Moreno's failure to undergo the surgery as evidence of nondisability in his decision. The issue merited further inquiry.

There is, however, no merit to Moreno's assertion that the ALJ failed to consider his severe obesity in combination with his other impairments. In discussing Moreno's obesity, the ALJ stated:

> The undersigned has considered its effect upon the claimant and how it

7

> contributes to the severity of the claimant's symptoms. (SSR 02-1p). However, there is no evidence here that the claimant's obesity has significantly interfered with the claimant's ability to work and activities of daily living. Although the claimant may experience some difficulty after prolonged strenuous activity, there is no evidence or allegation that the claimant's obesity precludes the performance of all work activities. (R. 23).

Moreno fails to provide any actual evidence that his obesity did in fact cause additional impairments or limitations. *See Beggs v. Colvin*, No. 4:14-CV-129-O, 2015 WL 5542540, at *6 (Aug. 31, 2015) (affirming denial of benefits when plaintiff failed to point to a place in the record showing how her obesity affected her functioning). Instead, he merely cites sources explaining that obese individuals have a "high risk of developing obesity related impairments," and that "the combined effects of obesity with other impairments may be greater than might be expected without obesity." (ECF No. 18, at 6). This argument is wholly unsupported.

The Court declines to address any other arguments in the briefs as this opinion provides a sufficient framework for the ALJ to appropriately revise his decision.

### III.   CONCLUSION

**IT IS ORDERED** that the Commissioner's decision will be **REVERSED** and the action **REMANDED** for further administrative proceedings consistent with this opinion.

**SIGNED and ENTERED** this  30th  day of March, 2017.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE